UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81957-RAR
(CASE NO. 19-CR-80064-RAR)

**MATTHEW TASSIN**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Movant, Matthew Tassin's *pro se* Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 1] ("Motion"). The case was referred to Magistrate Judge Jacqueline Becerra for a report and recommendation on any dispositive matters. *See* [ECF No. 6]. On March 16, 2021, Magistrate Judge Becerra issued a Report and Recommendation [ECF No. 12] ("Report"), recommending the Motion be granted, as to Mr. Tassin's request to file an out-of-time appeal and that all other grounds be dismissed as premature.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S.

140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). The Supreme Court further stated nothing in the legislative history "demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate." *Id.* at 150.

To date, no objections have been received. Thus, the Court considers it appropriate to review the Report for clear error. Having carefully reviewed the Motion, the Report, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 12] is **AFFIRMED AND ADOPTED**.

2. The Motion [ECF No. 1] under 28 U.S.C section 2255 is **GRANTED** so that Tassin may pursue an out-of time appeal consistent with the procedure set forth in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), and all other claims in the Motion are **DISMISSED WITHOUT PREJUDICE**.

3. Any pending motions, including any requests for evidentiary development, are **DENIED as moot**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 2nd day of April, 2021.

_____
 **RODOLFO A. RUIZ II**
 **UNITED STATES DISTRICT JUDGE**